UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE BARNES-ANDERSON,<br><br>                              Plaintiff,<br><br>         -against-<br><br>DEPARTMENT OF SMALL BUSINESS SERVICES,<br><br>                              Defendant. | 24-CV-8883 (AS)<br><br>ORDER OF SERVICE |

ARUN SUBRAMANIAN, United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112 to 12117, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 to 796. The complaint can also be liberally construed as asserting claims under the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. By order dated November 22, 2024, Plaintiff was granted leave to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

    To allow Plaintiff to effect service on Defendant Department of Small Business Services through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendant.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

If the complaint is not served within 90 days of the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to issue a summons for Defendant Department of Small Business Services, complete the USM-285 form with the address for Defendant, and deliver to the U.S. Marshals Service all of the documents necessary to effect service.

Plaintiff may consent to accept service of documents in this case by email, instead of regular mail, by completing the attached form, Consent to Electronic Service.

SO ORDERED.

Dated:   November 27, 2024
         New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Department of Small Business Services
   One Liberty Plaza
   New York, NY 10006