UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MICHELLE BARNES-ANDERSON,

                                            Plaintiff, **NOTICE OF MOTION TO DISMISS THE COMPLAINT**

                -against-

                                   No.  24 CV 08883 (AS)

DEPARTMENT OF SMALL BUSINESS SERVICES,

                                       Defendant.
------------------------------------------------------------------------ x

**PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint, dated May 5, 2025, the Local Rule 12.1 Notice To Pro Se Litigant dated May 5, 2025, and upon all the papers and proceedings previously had herein, defendant New York City Department of Small Business Services ("Defendant") will move this Court at the United States Courthouse for the Southern District of New York, 500 Pearl Street, New York, New York, 10007, before the Honorable Aran Subramanian, United States District Judge, on a date and time to be determined by the Court, for a judgment, pursuant to Federal Rule of Civil Procedure 12(b), dismissing on the following grounds: (1) Plaintiff fails to make a cause of action under Title VII; (2) Plaintiff's ADA and Rehabilitation Act claims are time-barred in part; and (3) Plaintiff has otherwise failed to state a plausible claim under the ADA and the Rehabilitation Act.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to this Court's Individual Practices in Civil Pro Se Cases, papers filed in opposition to a motion must be served within 30 days after service of the moving papers, and any reply papers and memoranda of law shall be served and filed within two weeks of receipt of opposition papers.

**PLEASE TAKE FURTHER NOTICE** that Defendant requests that the Court stay all discovery in this action pending a decision on Defendant's motion.

Date:      New York, New York
          May 5, 2025

TO:    Michelle Barnes-Anderson (By ECF)
       Plaintiff Pro Se
       2750 E12th Street
       Brooklyn, NY 11235
       (347)-713-2442
       michelle.barnes. mpa@gmail.com

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
   City of New York
Attorney for Defendant
100 Church Street, Room 2-146
New York, New York 10007
(212) 356-2475
krhau@law.nyc.gov

By:    */s/ Karen K. Rhau*
       Karen K. Rhau
       Assistant Corporation Counsel

GRANTED in part and DENIED in part. Barnes-Anderson fails to allege any discrimination, retaliation, or a discriminatory work environment based on any protected class under Title VII, so that claim is dismissed. *See Ames v. Ohio Dep't Youth Servs.*, 605 U.S. 303, 305 (2025) ("Title VII prohibits employers from discriminating against employees on the basis of race, color, religion, sex, or national origin."); 42 U.S.C. § 2000e-2(a)(1). But Barnes-Anderson's other claims can proceed.

Because Barnes-Anderson is proceeding *pro se*, Court considers both her initial complaint and the additional facts alleged in her brief in opposition. *Burgess v. Goord*,1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999). "When the plaintiff proceeds *pro se*, as in this case, a court is obliged to construe [her] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). "[D]ismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). The thrust of Barnes-Anderson's pleadings is that (1): she qualifies as disabled, (2) she made multiple complaints related to disability discrimination, (3) she was functionally demoted afterward, and was also denied an accommodation, and (4) there was a hostile work environment, evinced by specific examples that she provided. Discovery may bear out that this story doesn't hold up, but at this early stage Barnes-Anderson plausibly states a claim as a *pro se* litigant related to discrimination on the basis of disability or retaliation, and so her claims under the ADA and Rehabilitation Act can proceed.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 16.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: February 13, 2026

2